IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

CHRISTINE TOALEPAI,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,

and

SECRETARY OF VETERANS AFFAIRS (Official Capacity),

Defendants.

Civil Action No. SAG 25 CV 4052

COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF

(Administrative Procedure Act; Privacy Act; FOIA; Fifth Amendment Due Process)

Plaintiff does not demand a jury trial.

Submitted by:

*Christine Toalepai*

Christine Toalepai, Pro Se

705 Partridge Lane

Glen Burnie, MD 21060

Email: cballwanz@gmail.com  Phone: 410-855-1232

HD

Rcv'd by: AR

USDC-BALTIMORE '25 DEC 10 PM 2:38

COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF

(Administrative Procedure Act; Privacy Act; FOIA; Fifth Amendment Due Process)

Plaintiff Christine Toalepai files this Complaint against the United States Department of Veterans Affairs ("VA")

and the Secretary of Veterans Affairs, in his official capacity, and states as follows:

I. INTRODUCTION

1. This action challenges unlawful, arbitrary, capricious, and procedurally improper actions and failures to act by the

United States Department of Veterans Affairs ("VA") in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706.

2. Plaintiff further brings claims under the Privacy Act, 5 U.S.C. § 552a, due to the VA's failures to maintain

accurate, complete, and timely records; failures to correct such records upon request; and reliance on inaccurate

or incomplete information in making determinations adversely affecting Plaintiff.

3. Plaintiff brings additional claims under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, because the VA

unlawfully withheld responsive records, failed to conduct an adequate search, and failed to produce required

documents related to Plaintiff's loan assumption request, credit review, identity-theft submissions, and internal VA processing.

4. Plaintiff further seeks relief under the Fifth Amendment's Due Process Clause for deprivation of protected interests

without lawful procedures, adequate notice, or meaningful opportunity to be heard.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the

United States, including the APA, Privacy Act, FOIA, and the Fifth Amendment.

6. Venue is proper under 28 U.S.C. § 1391(e) because Plaintiff resides in this District and no real property is involved.

## III. PARTIES

7. Plaintiff Christine Toalepai resides at 705 Partridge Lane, Glen Burnie, Maryland 21060.

8. Defendant United States Department of Veterans Affairs is a federal agency headquartered at 810 Vermont Avenue NW, Washington, DC 20420.

9. Defendant Secretary of Veterans Affairs is sued in his official capacity as the head of the VA.

## IV. FACTUAL BACKGROUND

10. Plaintiff was a victim of identity theft beginning in 2018, resulting in unauthorized transactions appearing in her name.

Plaintiff filed police reports, notified her credit card company, and reasonably believed the matter had been resolved.

11. Between 2018 and 2025, Plaintiff experienced significant health challenges, including COVID-19, and other major

life events, and therefore did not pursue additional dispute processes with credit bureaus.

12. In 2025, Plaintiff first became aware that fraudulent and inaccurate credit information had persisted when

Freedom Mortgage denied her application to assume her VA-backed loan.

13. Following the denial, Freedom Mortgage submitted an assumption packet to the VA through its VALERI system in August 2025.

14. The packet contained outdated, incomplete, and inaccurate credit information, including data inconsistent with

Plaintiff's documented identity-theft disclosures.

15. The VA relied on the defective submission without verification, without reviewing Plaintiff's identity-theft evidence,

and without requesting corrected information.

16. Plaintiff submitted updated credit documentation and identity-theft materials to the VA in 2025.

17. The VA failed to amend or correct its internal records as required under the Privacy Act and continued to rely

on inaccurate data in its decision-making.

18. Plaintiff submitted a FOIA request in 2025 seeking all records relevant to her assumption review, including

VALERI logs, internal case notes, communications, and credit-evaluation documents.

19. The VA's FOIA response was incomplete and omitted entire categories of required records.

20. Plaintiff promptly filed a FOIA appeal, but the VA failed to issue a complete or adequate response.

21. Plaintiff has been unable to obtain information necessary to understand, evaluate, or challenge the VA's actions

due to the VA's withholding of responsive records.

22. The VA's reliance on inaccurate information, its failure to correct known inaccuracies, and its withholding of key

documents have caused Plaintiff harm, including interference with the assumption process, administrative and

financial burdens, damage to creditworthiness, emotional distress, and ongoing uncertainty regarding her

mortgage status.

23. These failures are part of a broader pattern of procedural irregularities and statutory violations.

## V. CLAIMS FOR RELIEF

Count I — Administrative Procedure Act (5 U.S.C. §§ 701–706)

24. Plaintiff realleges all preceding paragraphs.

25. The VA unlawfully withheld and unreasonably delayed required actions, including maintaining accurate records

and following required procedures.

26. The VA acted arbitrarily and capriciously by relying on inaccurate information and failing to consider Plaintiff's identity-theft documentation.

Count II — Privacy Act (5 U.S.C. § 552a)

27. Plaintiff realleges all preceding paragraphs.

28. The VA failed to maintain accurate, relevant, timely, and complete records concerning Plaintiff.

29. Plaintiff requested correction of inaccurate records, but the VA refused to amend them.

30. The VA's decisions based on inaccurate and incomplete records caused Plaintiff measurable harm.

Count III — Fifth Amendment Procedural Due Process

31. Plaintiff realleges all preceding paragraphs.

32. Plaintiff has protected interests in her mortgage-related rights and in accurate federal records concerning her.

33. By relying on inaccurate information, failing to correct known errors, and failing to provide notice or opportunity

to respond, the VA violated Plaintiff's due-process rights.

Count IV — Freedom of Information Act (5 U.S.C. § 552)

34. Plaintiff realleges all preceding paragraphs.

35. The VA failed to conduct an adequate search and unlawfully withheld non-exempt records.

36. Plaintiff is entitled to injunctive relief compelling compliance with FOIA.


VI. PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

A. Declare that the VA's actions violate the APA, Privacy Act, FOIA, and Fifth Amendment;

B. Vacate any VA determinations based on inaccurate information;

C. Order the VA to correct its records regarding Plaintiff;

D. Enjoin the VA from relying on inaccurate or incomplete information in future determinations;

E. Order the VA to conduct a lawful FOIA search and produce all non-exempt records;

F. Award monetary relief available under the Privacy Act;

G. Award costs and—if applicable—attorney's fees;

H. Grant such other relief as the Court deems appropriate.


VII. SIGNATURE

*Christine Toalepai*

/s/ Christine Toalepai

Christine Toalepai

705 Partridge Lane

Glen Burnie, MD 21060

Email: cballwanz@gmail.com

Phone: 410-855-1232

Plaintiff, Pro Se