**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **CHRISTINE TOALEPAI,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civil Case No. SAG-25-04052** |
| **DEPT. OF VETERANS AFFAIRS, *et al.*,** | * | |
| **Defendants.** | * | |

* * * * * * * * * * * * *

**MEMORANDUM OPINION**

Plaintiff Christine Toalepai ("Plaintiff"), who is self-represented, filed this lawsuit against the United States Department of Veterans Affairs and the Secretary of Veterans Affairs in his official capacity (collectively "the VA"), asserting a variety of claims relating to the VA's recordkeeping, decisionmaking, and response to her Freedom of Information Act ("FOIA") request. ECF 1. The VA has filed a motion to transfer or dismiss the Complaint or, in the alternative, for summary judgment, ECF 13. This Court has reviewed that motion along with Plaintiff's opposition, ECF 14. No reply has been filed and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated below, this Court will GRANT the motion to dismiss the Complaint without prejudice and will DENY the remainder of the VA's motion.

## I. FACTUAL BACKGROUND

The allegations in Plaintiff's Complaint, ECF 1, are taken as true for purposes of adjudicating this motion. Plaintiff, a Maryland resident, was a victim of identity theft beginning in 2018. *Id.* ¶¶ 7, 10. She filed police reports and notified her credit card company. *Id.* ¶ 10. But in 2025, Freedom Mortgage denied Plaintiff's application to assume her VA-backed loan. *Id.* ¶ 12. After the denial, Freedom Mortgage "submitted an assumption packet to the VA through its

VALERI system." *Id.* ¶ 13. The packet contained "outdated, incomplete, and inaccurate credit information." *Id.* ¶ 14. "The VA relied on the defective submission without verification." *Id.* ¶ 15.

"Plaintiff submitted updated credit documentation and identity-theft materials to the VA in 2025." *Id.* ¶ 16. But the VA did not amend or correct its internal records and "continued to rely on inaccurate data in its decision-making." *Id.* ¶ 17.

Plaintiff then submitted a FOIA request in 2025 seeking "all records relevant to her assumption review, including VALERI logs, internal case notes, communications, and credit-evaluation documents." *Id.* ¶ 18. Plaintiff alleges that the FOIA response was incomplete and "omitted entire categories of required records." *Id.* ¶ 19. Plaintiff's FOIA appeal was unsuccessful. *Id.* ¶ 20. This lawsuit ensued.

## II. LEGAL STANDARDS

### A. Motion to Transfer

Defendants contend that transfer of venue is warranted under 28 U.S.C. § 1404. That statute provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." *Id.* § 1404(a). "District courts within this circuit consider four factors when deciding whether to transfer venue: (1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." *Trs. of the Plumbers and Pipefitters Nat. Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015). "As a general rule, a plaintiff's 'choice of venue is entitled to substantial weight in determining whether transfer is appropriate.'" *Id.* (quoting *Bd. of Trs. v. Sullivant Ave. Props., LLC*, 508 F. Supp. 2d 473, 477 (E.D. Va. 2007)).

**B. Motion to Dismiss**[1]

A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* The purpose of the rule is to provide the defendant with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (citation omitted). In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). But if a complaint provides no more than "labels and conclusions" or "a

---

[1] Defendants also assert a lack of subject matter jurisdiction pursuant to Rule 12(b)(1) as to Plaintiff's APA claim because Plaintiff has not pleaded how the VA's actions (other than the alleged FOIA violation) were "contrary to constitutional right, power, privilege, or immunity." *See* ECF 13-1 at 7–8, 12–13 (citing 5 U.S.C. §§ 701, *et seq.*). The Court notes that whether Plaintiff's APA complaint establishes subject matter jurisdiction is distinct from whether she pleaded a claim under the APA's cause of action. "The APA is not a jurisdiction-conferring statute . . . [r]ather, the jurisdictional source for an action under the APA is [28 U.S.C. § 1331], which grants the district court 'original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States,' . . . and thereby 'confer[s] jurisdiction on federal courts to review agency action.'" *Lee v. U.S. Citizenship & Immigr. Servs.*, 592 F.3d 612, 619 (4th Cir. 2010) (citations omitted). Regardless, this Court agrees that Plaintiff has not pleaded how the VA's actions (other than the alleged FOIA violation) were "contrary to constitutional right, power, privilege or immunity" under the APA's cause of action. 5 U.S.C. § 706. And FOIA violations are not cognizable under the APA because the APA only provides for judicial review of agency action where "there is no other adequate remedy in a court." *Id.* Because the scope of the APA claim is unclear, this Court will address that claim pursuant to Rule 12(b)(6) rather than Rule 12(b)(1).

formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555.

Because Plaintiff is self-represented, her pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd*, 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1997); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a self-represented plaintiff. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also M.D. v. Sch. Bd.*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

## III. ANALYSIS

### A. Motion to Transfer

FOIA provides that venue is proper in "the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia." 5 U.S.C. § 552(a)(4)(B). Thus, while venue is proper in this district, Defendants contend that this case should be transferred to the District of Columbia because of its "special

expertise" in FOIA cases. ECF 13-1 at 7 (citation omitted). Defendants further argue that because the VA's records are in the District of Columbia, Maryland is an inconvenient forum. *Id.* at 10.

The parties agree that Plaintiff could have brought suit in the District of Columbia. But, as described above, this Court must consider the plaintiff's choice of venue, witness and party convenience and access, and the interest of justice while affording substantial weight to the Plaintiff's choice of venue. Here, Plaintiff prefers to litigate in Maryland. Both convenience factors are insignificant given the close proximity of Maryland to the District of Columbia. And this Court does not find that the interest of justice weighs heavily in favor of either forum. There are claims other than FOIA claims in this case, suggesting that FOIA's unique venue provision should not control. Moreover, this Court routinely considers FOIA claims and is unpersuaded that there is a particular expertise-based reason favoring transfer. Accordingly, this Court declines to exercise its discretion to transfer this case to the District Court for the District of Columbia.

**B. Motion to Dismiss**

This Court agrees with Defendants, however, that Plaintiff has not stated a viable claim for relief in this Complaint, due in part to the lack of detail provided. While Plaintiff makes general assertions about VA "decisionmaking," ECF 1 ¶ 17, at no point does the Complaint explain what decisions the VA made or was asked to make. The only decision detailed in the Complaint was Freedom Mortgage's decision to deny Plaintiff's application to assume her VA-backed loan. Thus, Plaintiff's assertion that "the VA relied on the defective submission," *id.* ¶ 15, does not explain what the VA relied on the submission to do. And the APA claim in Count One suggesting that the VA "unreasonably delayed required actions" and "acted arbitrarily and capriciously by relying on inaccurate information," *id.* ¶¶ 25–26, does not specify what actions or decisions are at issue.

Count I is therefore subject to dismissal because it does not provide fair notice of the nature of the claim.

Moreover, with respect to Count II, while Plaintiff proffers that she submitted "updated credit documentation and identity-theft materials" to the VA, *id.* ¶ 16, she does not allege that she requested the VA to take any particular action. The Privacy Act provides a civil cause of action for an agency determination "not to amend an individual's record in accordance with [the individual's] request." 5 U.S.C. § 552a(g)(1)(A). Thus, Plaintiff's failure to allege a request dooms her Privacy Act claim.

Plaintiff's procedural due process claim is also inadequate because she has not identified a constitutionally protected liberty or property interest at stake. *See Berrier v. Allen*, 951 F.2d 622, 624 (4th Cir. 1991) (noting that a constitutionally protected interest is required to trigger the safeguards of the Due Process Clause); U.S. Const. amend. V (restricting the Federal Government's ability to "depriv[e]" persons of "life, liberty, or property" without due process). Plaintiffs have no constitutionally protected property interest in FOIA-requested records. *See McBurney v. Young*, 569 U.S. 221, 232–34 (2013) ("This Court has repeatedly made clear that there is no constitutional right to obtain all the information provided by FOIA laws."); *Dickerson v. Neuschafer*, No. 4:25-9932-JD-SVH, 2026 WL 911398, at *3 (D.S.C. April 2, 2026) ("[T]here is no constitutional right to obtain information under FOIA.").

Finally, Plaintiff's FOIA claim in Count IV also does not provide Defendants with fair notice of the nature of her claim. It conclusorily alleges that the VA "failed to conduct an adequate search and unlawfully withheld non-exempt records," ECF 1 ¶ 35, without alleging facts to describe the nature of the claimed deficiencies. Such general assertions do not fulfill the *Twombly* requirement to provide more than labels and conclusions in support of a claim.

Accordingly, all four counts of Plaintiff's Complaint will be dismissed without prejudice. Plaintiff will be afforded thirty days to file an Amended Complaint providing additional factual allegations to provide Defendants with sufficient notice of the nature of her claims for relief. If no Amended Complaint is timely filed, this case will be closed. A separate Order follows.

Dated: August 21, 2026

/s/
Stephanie A. Gallagher
United States District Judge